JS-6

FREDERICK S. YOUNG (DC Bar No. 421285)
  frederick.young@usdoj.gov
CORY BRADER (NY Bar No. 5118732)
  cory.brader@usdoj.gov
U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
450 5th Street N.W.
Washington, D.C. 20530
Telephone: 202-307-2869
Facsimile: 202-514-6381

Counsel for Plaintiff,
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 2:16-cv-08150-MWF-E |
| DIRECTV GROUP HOLDINGS, LLC, et al., | **FINAL JUDGMENT** |
| Defendants. | Hon. Michael W. Fitzgerald |

WHEREAS, Plaintiff, United States of America, filed its Complaint on November 2, 2016, alleging Defendants' violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and Plaintiff and Defendants, by their respective attorneys, have consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law, and without this Final Judgment constituting any evidence against or admission by any party regarding any issue of fact or law;

AND WHEREAS, Defendants agree to be bound by the provisions of this Final Judgment pending its approval by the Court;

AND WHEREAS, the essence of this Final Judgment is the prohibition of certain alleged information sharing between Defendants and their competitors;

NOW THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, and upon consent of the parties, it is ORDERED, ADJUDGED AND DECREED:

## I. JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter of and the parties to this action. Venue is proper in the Central District of California. For the purposes of this Final Judgment only, Defendants stipulate that the Complaint states a claim upon which relief may be granted against Defendants under Section 1 of the Sherman Act (15 U.S.C. § 1).

## II. DEFINITIONS

A. "AT&T" means AT&T, Inc., a Delaware corporation with its headquarters in Dallas, Texas, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

B. "Communicate," "Communicating," and "Communication" means any transfer or dissemination of information, whether directly or indirectly, and regardless of the means by which it is accomplished, including without limitation orally or by printed or electronic means.

C. "Competitively Sensitive Information" means any non-public information

of Defendants or any competing MVPD relating to Video Programming distribution services in the United States, including without limitation non-public information relating to negotiating position, tactics or strategy, Video Programming carriage plans, pricing or pricing strategies, costs, revenues, profits, margins, output, marketing, advertising, promotion, or research and development.

D. "Defendants" means DIRECTV and AT&T.

E. "DIRECTV" means DIRECTV Group Holdings, LLC, a Delaware corporation with its headquarters in El Segundo, California, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

F. "MFN Clause" means a contractual provision that entitles an MVPD to modify a programming agreement to incorporate more favorable rates, contract terms, or conditions that the Video Programmer agrees to with another MVPD.

G. "MVPD" means a multichannel video programming distributor as that term is defined on the date of entry of this Final Judgment in 47 C.F.R. § 76.1200(b).

H. "Person" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office, or other business or legal entity, whether private or governmental.

I. "Video Programmer" means any Person that provides Video Programming for distribution through MVPDs.

J. "Video Programming" means programming provided by, or generally considered comparable to programming provided by, a television broadcast station or cable network, regardless of the medium or method used for distribution.

## III. APPLICABILITY

This Final Judgment applies to Defendants, as defined above, and all other Persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise.

## IV. PROHIBITED CONDUCT

Defendants shall not, directly or indirectly:

A. Communicate Competitively Sensitive Information to any MVPD;

B. Request Competitively Sensitive Information from any MVPD; or

C. Encourage or facilitate the Communication of Competitively Sensitive Information to or from any MVPD.

Notwithstanding the foregoing, nothing in this Final Judgment shall prohibit Defendants from:

D. After securing advice of counsel and in consultation with the Antitrust Compliance Officer, Communicating Competitively Sensitive Information to or requesting Competitively Sensitive Information from any MVPD when such communication is reasonably related to a lawful purpose, such as a lawful joint venture or legally supervised due diligence for a potential transaction, or the enforcement of MFN clauses;

E. Communicating Competitively Sensitive Information to or requesting Competitively Sensitive Information from an MVPD if such Competitively Sensitive Information pertains only to either (a) Defendants' supply of Video Programming to that MVPD, or (b) that MVPD's carriage or potential carriage of Defendants' Video Programming;

F. Communicating Competitively Sensitive Information to or requesting Competitively Sensitive Information from a Video Programmer, including one affiliated with an MVPD, if such Competitively Sensitive Information pertains only to either (a) that Video Programmer's supply of Video Programming to Defendants, or (b) Defendants' carriage or potential carriage of that Video Programmer's Video Programming;

G. Responding to any question from any news organization related to the distribution of Video Programming or to any actual or proposed transaction with any MVPD, provided that response does not disclose Defendants' negotiation strategy; or

H. After securing advice of counsel and in consultation with the Antitrust Compliance Officer, engaging in conduct in accordance with the doctrine established in *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127

(1961), *United Mine Workers v. Pennington*, 381 U.S. 657 (1965), and their progeny.

## V. COMPLIANCE PROGRAM

A. Defendants shall implement a training and antitrust compliance program to instruct their executives and employees responsible for, or participating in, content carriage negotiations that Communicating Competitively Sensitive Information with competing MVPDs when not reasonably related to a lawful purpose may be a violation of the antitrust laws. This compliance program shall include designating, within thirty (30) days of entry of this Final Judgment, an Antitrust Compliance Officer with responsibility for implementing the training and antitrust compliance program and achieving full compliance with this Final Judgment.

B. The Antitrust Compliance Officer shall, on a continuing basis, be responsible for the following:

    1. Distributing, within thirty (30) days from the effective date hereof, a copy of this Final Judgment to (i) each of the officers of Defendants who has duties or responsibilities related to the acquisition of Video Programming or to Video Programming carriage plans and decisions; (ii) each of the other employees and agents of Defendants who has duties or responsibilities related to the acquisition of Video Programming or to Video Programming carriage plans and decisions; and (iii) each of the other employees or agents of Defendants who has duties or responsibilities related to reviewing any submissions to Defendants' ethics portal or to any other anonymous suggestion or complaint vehicle available to Defendants' employees or agents.

    2. Distributing within thirty (30) days a copy of this Final Judgment to any person who succeeds to a position described in Section V(B)(1).

    3. Briefing annually those persons identified in Sections V(B)(1) and (2) on the meaning and requirements of this Final Judgment and of the antitrust laws, and advising them that Defendants' legal advisors are available to confer with them regarding compliance with both the Final Judgment and the antitrust laws.

4. Obtaining from each person identified in Sections V(B)(1) and (2) an annual written certification that he or she: (i) has read, understands, and agrees to abide by the terms of this Final Judgment; (ii) is not aware of any violation of this Final Judgment that has not been reported to the Antitrust Compliance Officer; (iii) has been advised and understands that his or her failure to comply with this Final Judgment may result in an enforcement action for civil or criminal contempt of court against Defendants or any other person who violates this Final Judgment; and (iv) has maintained and submitted a record of all Communications of Competitively Sensitive Information with any MVPD, other than those consistent with Sections IV(D), (E), (F), (G) and (H).

5. Maintaining (i) a record of all certifications received pursuant to Section V(B)(4); (ii) a file of all documents in existence at the commencement of and related to any investigation by the Antitrust Compliance Officer of any alleged violation of this Final Judgment; and (iii) a record of all communications generated after the commencement of any such investigation and related to any such alleged violation, which shall identify the date and place of the communication, the persons involved, the subject matter of the communication, and the results of any related investigation.

6. Maintaining, and furnishing to the United States, on a quarterly basis for the first year and annually thereafter, a log of all Communications, between or among any person identified in Sections V(B)(1) and (2) and any person employed by or associated with any other MVPD, relating, in whole or in part, to Competitively Sensitive Information, excluding those communications consistent with Sections IV(D), (E), (F), (G) and (H). The log shall include but not be limited to an identification (by name, employer and job title) of all participants in the communication; the date, time, and duration of the communication; the medium of the communication; and a description of the subject matter of the communication.

C. If Defendants' Antitrust Compliance Officer learns of any allegations of a

violation of any of the terms and conditions contained in this Final Judgment, Defendants shall immediately investigate to determine if a violation has occurred and appropriate action is required to comply with this Final Judgment. If Defendants' Antitrust Compliance Officer learns of any violation of any of the terms and conditions contained in this Final Judgment, Defendants shall immediately take appropriate action to terminate or modify the activity so as to comply with this Final Judgment. Defendants shall report any such investigation or action in the annual compliance statement required by Section VI(B).

    D. If Defendants' Antitrust Compliance Officer learns any Competitively Sensitive Information has been communicated from an MVPD to any person identified in Sections V(B)(1) and (2), excluding those communications consistent with Sections IV(D), (E), (F), (G) and (H), the Antitrust Compliance Officer shall instruct that person that he or she must not consider the Competitively Sensitive Information in any way, shall advise counsel for the MVPD which communicated the Competitively Sensitive Information that such information must not be communicated to Defendants, and report the circumstances of the Communication of the Competitively Sensitive Information and the response by the Antitrust Compliance Officer in the annual compliance statement required by Section VI(B).

## VI. CERTIFICATION

    A. Within sixty (60) days after entry of this Final Judgment, Defendants shall certify to Plaintiff whether they have designated an Antitrust Compliance Officer and have distributed the Final Judgment in accordance with Section V(B) above. This certification shall include the name, title, business address, email address, and business phone number of the Person designated as Antitrust Compliance Officer.

    B. For the term of this Final Judgment, on or before its anniversary date, Defendants shall file with the Plaintiff an annual statement as to the fact and manner of its compliance with the provisions of Section V, including the record(s) created in accordance with Section V(B)(4) above.

## VII. COMPLIANCE INSPECTION

A. For purposes of determining or securing compliance with this Final Judgment, or of determining whether this Final Judgment should be modified or vacated, and subject to any legally recognized privilege, from time to time authorized representatives of the United States Department of Justice, including consultants and other persons retained by the United States shall, upon written request of an authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to Defendants, be permitted:

    1. access during Defendants' office hours to inspect and copy, or at the United States' option, to require Defendants and their members to provide copies of all books, ledgers, accounts, records, and documents in their possession, custody, or control, relating to any matters contained in this Final Judgment; and

    2. to interview, either informally or on the record, Defendants' officers, employees, or other representatives, who may have their individual counsel present, regarding such matters. The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by Defendants.

B. Upon the written request of an authorized representative of the Assistant Attorney General in charge of the Antitrust Division, Defendants shall submit written reports and interrogatory responses, under oath if requested, relating to any of the matters contained in this Final Judgment as may be requested.

C. No information or documents obtained by the means provided in this section shall be divulged by the United States to any person other than an authorized representative of the executive branch of the United States, except in the course of legal proceedings to which the United States is a party (including grand jury proceedings), or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

D. If at the time information or documents are furnished by Defendants to the United States, Defendants identify in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(7) of the

Federal Rules of Civil Procedure, and Defendants mark each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure," then the United States shall give ten (10) calendar days notice prior to divulging such material in any legal proceeding (other than a grand jury proceeding).

## VIII. RETENTION OF JURISDICTION

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

## IX. EXPIRATION OF FINAL JUDGMENT

Unless this Court grants an extension, this Final Judgment shall expire five (5) years from its date of entry.

## X. PUBLIC INTEREST DETERMINATION

The parties have complied with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including making copies available to the public of this Final Judgment, the Competitive Impact Statement, and any comments thereon and the United States' responses to comments. Based upon the record before the Court, which includes the Competitive Impact Statement and any comments and responses to comments filed with the Court, entry of this Final Judgment is in the public interest.

**SO ORDERED:**

Dated: October 2, 2017  _____
Michael W. Fitzgerald
United States District Judge